**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                          **CASE NO: 3:26cr97/TKW**

**JAVIER CYREE TYRELL BROWN**

_____/

## MOTION FOR PROTECTIVE ORDER CONCERNING DISCLOSURE OF RULE 16 DISCOVERY INFORMATION

COMES NOW, the United States of America, by and through undersigned counsel for the government, and moves this Court for a Protective Order concerning the disclosure of information required to be provided by the government pursuant to Federal Rules of Criminal Procedure, Rule 16, as well as *Brady* and *Giglio*, and as grounds therefore states:

1.      On or about June 16, 2026, an Indictment was returned against the above-named defendant in relation to sex trafficking and money laundering.  An initial appearance and arraignment on the Indictment took place and trial was set for August 17, 2026.  (Doc. 16).  Defense counsel recently requested discovery from the government.

2.     Based upon the nature of the conduct involving victims of sex trafficking (to include their banking/travel/lodgings) charged in the Indictment, the government's discovery materials include statements of victims and interview recordings and documents bearing personal identifying information of said victim(s).

3.     In order to provide discovery in this case, the government is faced with limited options, that is:  1 – only allow defense counsel to inspect the subject materials at the U.S. Attorney's Office; 2 – fully redact the subject materials, which could result in the redaction of pieces of information needed by the defense; or, 3 – request permission from this Court to provide the subject materials, and request a Protective Order prohibiting defense counsel from providing the materials to any persons outside the office and, in the event copies need to be provided to the client, require defense counsel to redact all personal identifying information.

4.     Federal Rules of Criminal Procedure, Rule 16(d)(1) provides,

**(d) Regulating Discovery.**
(1) **Protective and Modifying Orders.**  At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect ex parte.  If relief is granted, the court must preserve the entire text of the party's statement under seal.

5. The undersigned has consulted with defense counsel, and counsel does not object to such a Protective Order being entered.

6. Based upon the aforementioned, the government asks this Court to enter a Protective Order authorizing the government to provide copies of its discovery materials, which contain some personal identifying information of victims, and further order that defense counsel not provide copies of said materials to any persons outside or on behalf of the office, maintain sole custody of such materials, keep them in a secure location, and not transfer or otherwise disseminate such materials to any other party. *See also* Title 18, United States Code, Sections 3771(a) & (b) (providing, under the Crime Victims' Rights Act, the right "to be treated with fairness and with respect for the victim's dignity and privacy"). And finally, in the event defense counsel needs to provide copies to the client, counsel be required to redact all personal identifying information of any victim from the subject materials.

WHEREFORE, the government seeks a Protective Order from the Court.[1]

Respectfully submitted,

JOHN P. HEEKIN
UNITED STATES ATTORNEY

/s/ David L. Goldberg
DAVID L. GOLDBERG
Assistant United States Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

## RULE 7.1(B) CERTIFICATION

I HEREBY CERTIFY that defense counsel has been contacted regarding this motion and has no objection.

/s/ David L. Goldberg
DAVID L. GOLDBERG
Assistant United States Attorney

---

[1] A proposed Order will be provided to the Court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant, on this 20th day of July, 2026.

/s/ David L. Goldberg
DAVID L. GOLDBERG
Assistant United States Attorney